## Covert v. McCarthy, Appellant.

*Brokers — Real estate brokers — Commissions — Joint action against husband and wife.*

In an action against a husband and wife to recover commissions on the sale of real estate owned by the wife, there can be no recovery against the defendants jointly, where it appears that the plaintiff dealt with the husband alone, that whatever the latter did with respect to the property was done for his wife, and not as the owner of the property, or as a principal in the transaction, and that all this was known to the plaintiff.

Wherever the declaration on a contract charges two or more de-

fendants jointly, there can be no recovery unless a joint liability is shown, and no such liability can be shown if the contract is not joint but several.

Argued Oct. 26, 1916.  Appeal, No. 259, Oct. T., 1916, by defendants, from judgment of C. P. Huntingdon Co., Dec. T., 1915, No. 23, on verdict for plaintiff in case of Gilbert W. Covert v. Mary T. McCarthy and A. R. McCarthy.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Assumpsit against husband and wife to recover commissions for the sale of the wife's real estate.  Before JOHNSON, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $390.30.  Defendants appealed.

*Error assigned* was in refusing motion for judgment for defendants n. o. v.

*Walter Thomas,* with him *Furman Sheppard Phillips,* for appellants.—Where the declaration in an action excontractu charges two persons jointly there can be no recovery unless a joint liability is proved: Rowan v. Rowan, 29 Pa. 181; Ford v. Neely, 59 Pa. Superior Ct. 652; Keebler v. King, 4 Pa. C. C. R. 105; Martin v. Saunder et al., 18 Lancaster Rev. 357; Wolf v. Hostetter, 182 Pa. 292; Loew v. Stocker, 61 Pa. 347; Moscher v. Small, 5 Pa. 221; Burgess v. Sherman, 147 Pa. 254; Matawan Tile Co. v. Golden, 53 Pa. Superior Ct. 430.

*James S. Woods,* for appellee.

OPINION BY HENDERSON, J., March 9, 1917:

The plaintiff's statement averred that Mary T. McCarthy, one of the defendants, was the owner of certain real estate in the Borough of Mt. Union, Huntingdon

County; that she and her husband, A. R. McCarthy, agreed with the plaintiff that if he would obtain for them a purchaser or purchasers for said real estate they would pay him a reasonable consideration or commission for his services; that through the efforts of the plaintiff a purchaser was secured who bought from the said Mary T. McCarthy the residence in which she and her family resided for the sum of $19,000, and that because of the premises recited the plaintiff is entitled to a commission of two per cent. on the sale. The first objection presented against the record is that a joint contract was pleaded whereas the evidence shows a several contract, if a contract existed. Mrs. McCarthy was the owner of the premises sold. That fact was well known to the plaintiff and his own evidence shows that the husband was acting as agent for the wife in the sale of her property which included other pieces which had been theretofore sold. Nothing in the case shows that A. R. McCarthy was pretending to be the owner of the property or that any fact was concealed as to the ownership thereof. The plaintiff himself testified on the point as follows: "Q.—Prior to this you had an agreement with Dr. McCarthy for two per cent.? A.—Yes, sir; on all property I sold for them. Q.—Who was he acting for? A.—As the agent for his wife, Mrs. McCarthy." The fact of the husband's relation to the business appears in other parts of the testimony from all of which the conclusion is inevitable that whatever he did with respect to the property was done for his wife and not as the owner of the property or as a principal in the transaction. The plaintiff's allegation was that he had a contract for a commission of two per cent. for the sale of any of the property of Mrs. McCarthy in Mt. Union. This appears not only from the evidence as above quoted but from additional testimony of the plaintiff: "Q.—Well, now, Mr. Covert, did the doctor say he would give you two per cent. on this particular sale? A.—No, he didn't say that he would give it on that particular sale but on all

the property I sold for him or for them, and he says 'The property belongs to my wife, and don't say anything to her, but I will pay you without her knowing it.' Q.—When was that? A.—Any time while we would be talking about selling property. When I would go to look at a property and bring a man there, he would say, 'I don't have the money to-day; I don't want to give you a check, so my wife won't know how much I pay.' Q.—Did the doctor offer you anything the time you met him on the street and asked him about this house? A.—He didn't say anything because he had offered me before, that was the reason I was selling it. Q.—Was there any sum mentioned at that time? A.—No, sir; only the first time we talked it over. Q.—That was some time during what year? A.—1915. Q.—Before any of the other properties were sold? A.—Before I had ever sold any property at all." With respect to the payment of a commission he testified: "Q.—You did not demand the two per cent.? A.—I did. But he told me that he had to do this without the knowledge of his wife —that she always quarreled at everything he did, but he would make it right in some other bill." That this arrangement for the two per cent. commission was made with A. R. McCarthy clearly appears also from this part of the plaintiff's evidence: "Now you told Mrs. Mc-Carthy that you didn't expect any commission, didn't you? A.—No, sir; did not tell her, she asked me what commission, and I said, 'The commission that the doctor will pay me is a very small commission and that would be all right, because I didn't expect a big commission.' " In answer to a question of counsel: "Q.—And they promised you two per cent. for the sale of the properties," the witness answered "two per cent." This evidently related to the conversation he alleged he had with A. R. McCarthy before any of the sales took place for the witness expressly declared that Mr. McCarthy did not say he would give him two per cent. on this particular sale. It further appears from the evidence quoted that the plaintiff was

told by Mr. McCarthy that any commission paid must be paid without the knowledge of his wife. These plain declarations and admissions of the plaintiff are wholly inconsistent with his present claim that there was a joint contract for the payment of two per cent. commission on the sale of the dwelling house. When the plaintiff disclosed his agency responsibility for his contract within the scope of his employment was on the employer. As the plaintiff knew that Mr. McCarthy was not the owner of the premises and that Mrs. McCarthy was the person on whose account the sale was to take place, she was responsible for his contract with reference to commissions if he was authorized to employ a person to procure the sale. The contract was not his but that of his wife under such circumstances if the proof established a contract at all. From the whole of the plaintiff's evidence we have no doubt that any agreement which the plaintiff had was a several contract of one or the other or each of the defendants. The plaintiff's evidence is inconsistent with any other view of the case and shows a liability of one or the other of the defendants as the facts might be found but not of the two jointly. A. R. McCarthy although acting as an agent might bind himself personally but such obligation does not support a joint action against him and his wife. An action on a disputed parol contract against two or more must be established by evidence of the terms of the contract and the assent of each of the parties to the obligation. Where the declaration on a contract charges two or more defendants jointly there can be no recovery unless a joint liability is shown and no such liability can be shown if the contract is not joint but several. The defendants were, therefore, entitled to an affirmance of their sixth point which requested binding instructions for the defendants and also to an order making the rule for judgment non obstante veredicto absolute.

The judgment is reversed.